UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARLEEN MOYE | CIVIL ACTION |
| VERSUS | NO. 19-13135 |
| MICHAEL TREGRE, ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 51)** filed by Defendants, Sheriff Michael Tregre, Commander Marshall Carmouche, Lieutenant Conrad Baker, and Sergeant Jessica Abbate (collectively, "Defendants"). The motion is opposed by Plaintiff, Sharleen M. Moye ("Plaintiff") (Rec. Doc. 62).

The court heard oral argument on April 21, 2022 and took the matter under advisement. After considering the motion and memoranda, evidence in the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Moye is a 46 year old black female who was hired as a probationary employee working as a communications E911 operator with the St. John the Baptist Parish Sheriff's Office ("SJBSO"). (Rec. Doc. 62, at 1). Plaintiff's hiring process involved an application, interview, and test to determine that she was qualified. *Id.* at 1-2. After completing these preliminary steps, Plaintiff was hired and sent to a two week "basic training" program. *Id.*

After the two-week training, Plaintiff began working in the 911 communications department with two other new hires, Leanne Petit and Kirstie

Hamilton, both white women. *Id.* at 2. Although she initially received positive feedback on her work, Plaintiff soon began having problems with the performance of her duties. Plaintiff admitted she was deficient in several aspects of her job, particularly an inability to retain codes used by the 911 operators. In addition, she acknowledged having other issues such as callers being kept waiting, being unsure how to respond to certain calls.

In the beginning of June, Plaintiff complained that Sgt. Abbate, her supervisor, was not helping her as much as others. *Id.* at 4-5. After this complaint, Plaintiff was moved from the day shift to the less favorable night shift under a different supervisor. *Id.* at 5.

In late June 2018, Plaintiff was told that Sgt. Abbate had said that Plaintiff "sounded ghetto on the phone – we need to get rid of her" (hereafter, "the ghetto remark"). (Rec. Doc. 62-4, at 39). Sgt. Abbate was subsequently disciplined with a "reprimand." (Rec. Doc. 51-1, at 4).

On July 1, 2018, Lieutenant Conrad Baker inadvertently sent an email to Plaintiff, who was not the intended recipient, which read:

> She is already starting her shit. We picking on her, Jessica doesn't like her. And she told that Leanne is just as bad but we ain't picking on her. I'm done and I want her gone. Send her to the jail. Let her wash out there and she can be Jimmies problem.

(hereafter, "Baker's email") (Rec. Doc. 51-4, at 10). Plaintiff brought the intercepted email to Troy Cassioppi, Commander of Human Resources, and Lt. Baker received a one-day suspension as discipline. *Id.* at 11.

2

After these two incidents, Plaintiff requested to meet with Sheriff Tregre multiple times, but he never met with her. (Rec. Doc. 62, at 6). On July 17, 2018, Mr. Cassioppi and Chief Steven Guidry met with her to discuss the ghetto remark and Baker's email. *Id.* at 6-7. During the meeting, they asked her who told her about the ghetto remark, assured her no harm was meant, and made her undergo a lie detector test. *Id.* Further, they encouraged her to transfer to corrections, but she declined to transfer. *Id.* at 7.

On July 25, 2018, Lt. Carmouche ordered Plaintiff attend remedial training scheduled to start on August 6, 2018. (Rec. Doc. 51-1, at 5). Plaintiff believed she did not need to undergo this retraining. (Rec. Doc. 62, at 7-8). On the morning of the training, Plaintiff left a letter addressed to Lt. Carmouche in the care of Kristen Dunn explaining her reluctance to attend the training:

> I, Sharleen Moye, was informed by Lt. M. Carmouche that I must report to a 4-week new hire training class with the new hires on August 6, 2018. I disagree with this decision and I believe it is regressive and humiliating. I have done my best and have continued to work alone. I have recently responded to and dispatched the fire department and our deputies. I answer both emergency and non-emergency calls such as, hit and runs, deaths, theft, homicides, medical, attempted suicides, attempted kidnappings, sewage, etc. If I'm in such need of new hire training answering these calls jeopardizes the caller and the people lives of St. John Parish. If I'm in need of new hire training why am I not listening in with someone or allowed to answer non-emergency call only.

(Rec. Doc. 62, at 7-8). Plaintiff called Lt.Carmouche to ensure that he had received the letter. *Id.* at 8. He asked whether Plaintiff was attending the training that day. *Id.* Plaintiff said that she would attend the training, but she would be late because she had to drop off her daughter. *Id.* Carmouche said that if she was one minute late,

that was too late, and she need not come. *Id*. Plaintiff failed to attend the training as scheduled on August 6.

On August 7, 2018, she received a phone call and email from Troy Cassioppi advising Plaintiff that a Disciplinary Action Review Board hearing would take place at 9 a.m. on August 8, 2018. *Id*. at 9. On August 8, 2018, Plaintiff was terminated for insubordination based on Plaintiff's failure to show up for duty and training. *Id*.

Plaintiff filed suit alleging a variety of alleged discriminatory claims. However, during oral argument counsel for Plaintiff conceded that she did not oppose dismissal of a number of her claims, and now opposes dismissal only of her Title VII disparate treatment, retaliation, and harassment claims. Defendants now move for summary judgment on all remaining claims.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

4

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Defendants move for summary judgment against all Plaintiff's claims alleged in the complaint. However, Plaintiff does not oppose summary judgment on the

5

following alleged claims and defenses: 1) claims for age-based discrimination under the ADEA; 2) conspiracy; 3) equal protection violations; 4) invasion of privacy; 5) claims arising under Louisiana Age Discrimination in Employment Act; 6) claims arising under the Louisiana Governmental Claims Act; 7) claims arising under Louisiana Civil Code articles 2315 and 2316; 8) vicarious liability; and 8) Sheriff Tregre's entitlement to discretionary immunity pursuant to La. R.S. 9:2798.1.

The Court will now address the remaining three claims.

## I. Disparate Treatment and Retaliation

To establish a claim for disparate treatment or retaliation, a plaintiff must first establish their prima facie case for each claim respectively. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003). If the plaintiff succeeds in establishing their prima facie case, the burden then shifts to the defendant to proffer a legitimate, nondiscriminatory reason. *Watkins v. Tregre*, 997 F.3d 275, 282 (5th Cir. 2021); *Royall v. Enter. Prods. Co.*, 2022 U.S. App. LEXIS 2416, at *5 (5th Cir. Jan. 26, 2022). This is a burden of production, not persuasion. *Watkins*, 997 F.3d at 282. If the defendant meets their burden, once more the burden shifts back to the plaintiff to produce substantial evidence that defendant's reason is pretextual. *Id.* at 283. Evidence is substantial if reasonable people could come to different conclusions. *Id.* "Pretext may be established through evidence of disparate treatment or by showing the employer's explanation to be false or 'unworthy of credence' — that is 'not the real

reason for the adverse employment action.'" *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021) (quoting *Watkins*, 997 F.3d at 283).

The Court concludes that Plaintiff has failed to submit competent summary judgment evidence to create a prima facie claim for disparate treatment and retaliation. Plaintiff alleges that she was treated differently than a similarly situated white female employee, Leanne Petit, whose work she believes was not any better but who was not required to undergo remedial training. The problem for Plaintiff is that she has submitted no admissible testimony or evidence to show how or why Ms. Petit was actually similarly situated. At oral argument, counsel for Plaintiff admitted that Ms. Petit was never deposed, and counsel has failed to point the Court towards any other record evidence concerning Ms. Petit's work history or whether she was in fact treated differently than Plaintiff. Without such evidence, Plaintiff cannot meet her initial burden to produce a prima facie case of disparate treatment.

Assuming Plaintiff was able to make a prima facie showing of disparate treatment, the Defendant has proffered a legitimate, nondiscriminatory reason for her firing: Plaintiff failed to comply with a direct order to attend a remedial training session and was subsequently fired for "insubordination." Even though she admitted being deficient in several aspects of her job, Plaintiff was reluctant to undergo the required retraining, apparently believing it was unnecessary and retaliatory for her complaining about her supervisors. Plaintiff argues that she was treated differently than her white counterpart, Ms. Petit, who she alleges was not required to undergo retraining. Again, however, Plaintiff has failed to point the Court to record evidence

7

supporting these allegations. Simply put, she has not produced sufficient evidence to create a factual issue that her employer's nondiscriminatory reason for her ultimate discharge was merely a pretext. *Watkins*, 997 F.3d at 282 (explaining one of the essential elements of disparate treatment is that a similarly situated employee outside of the plaintiff's protected group was treated more favorably).

## II. Harassment

A harassment claim requires a plaintiff to show that "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; 3) the harassment was based on her protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action." *Wyre v. Bollinger Shipyards, Inc.* 2015 U.S. Dist. LEXIS 4657, at *10 (E.D. La. Jan. 14, 2015). "For harassment on the basis of race to affect a term, condition, or privilege of employment, . . . it must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Fortenberry v. Texas*, 75 F.App'x 924, 928 (5th Cir. 2003) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).

In determining whether an environment was hostile, a court must consider "(1) the frequency of the discriminatory conduct; (2) the severity of the conduct, (3) whether it is physically threatening or humiliating or a mere offensive utterance, and (4) whether it unreasonably interferes with an employee's work performance." *Lynch v. Forge Fabrication Servs., LLC*, 2019 U.S. Dist. LEXIS 32661, at *6 (E.D. La. Feb.

8

28, 2019). A hostile work environment is created through repeated conduct over a series of days, months, or years. *Jackson v. DeJoy*, 2021 U.S. Dist. LEXIS 221737, at *20 (E.D. La. Nov. 17, 2021).

To support her harassment claim, Plaintiff cites two specific instances: the ghetto remark and Baker's email. The Fifth Circuit has held that a few verbal incidents, where the offensive comments ceased upon request, does not rise to the level of a hostile work environment. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347-48 (5th Cir. 2007) ("To survive summary judgment on a hostile work environment claim, [plaintiff] must establish that . . . [her employer] failed to take prompt remedial action."). In this case, the Sheriff's Office took remedial steps after each incident and the offensive comments did not continue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment **(Rec. Doc. 51)** is **GRANTED**. Plaintiff's complaint is dismissed with prejudice.

New Orleans, Louisiana, this 29th day of April, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE